WEIMER, J.,
dissenting.
|, The plaintiffs allege that the trial court judge behaved inappropriately during trial by joining the jury in the jury box where he sat and proceeded to eat candy and by physically embracing the surgical partner of the defense’s medical expert in front of the jury. Assuming these allegations are accurate, at a bare minimum, the judge’s conduct would be an affront to the solemnity appropriate to a trial.
However, as a reviewing court, we cannot and should not simply assume that these allegations are accurate, let alone make the additional leap that such allegations justify granting a new trial. It has been aptly stated that “[a]n extraordinary claim requires extraordinary proof.”[1] Similarly, the law requires that, before we overturn the work of a jury, comprised of citizens who take an oath to judge fairly and impartially, we must examine whether the judge has improperly held sway over the jury.See La. C.C.P. art. 1791 (“The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.”).
UThis examination required by law must be based on evidence, not conjecture, and begins with the trial record. In the trial record, there is nothing to substantiate the plaintiffs’ allegations of inappropriate behavior. Most' significantly, there is not even an objection in the trial record for any of the allegations leveled against the judge. This court has previously found that the lack of a contemporaneous objection about a judge’s conduct reveals a lack of prejudice. See State v. Shaw, 06-2467, p. 23 n. 8 (La.11/27/07), 969 So.2d 1233, 1247 n. 8 (evaluating the claim that a judge improperly inquired into whether a defendant at a criminal trial had considered whether to testify, this court observed: “In fact, the record is devoid of a contemporaneous objection to the trial court’s questions, indicating that, at the time it occurred, the inquiry was not deemed by either the defendant or his counsel to be improper or coercive.”).
Casting aside the principles of review just described, in determining the work of the jury should be discarded, the majority has relied on an affidavit by a single juror who served as the jury foreperson. To be clear, in the unique setting of a motion for new trial, it is appropriate to consider evidence outside the trial record if it is properly admitted into evidence. As previously mentioned, the trial record is the main evidence for evaluating whether to grant ,a new trial. In extraordinary cases, the trial record may be the starting point, rather than the ending point, when looking for evidence of a judge improperly influencing the jury. However, the law also contains the counsel of great care and caution in resorting to a juror’s impressions. Specifically and directly, La. C.E. art. 606(B) limits a juror’s testimony to “whether any outside influence was improperly brought to bear upon any juror” and prohibits testimony as to the “effect of anything upon his or any other juror’s mind or emotions as influencing him” or “concerning his mental processes” as to reaching a verdict.
| ⅞Although the plaintiffs’ counsel has argued that the jury foreperson told him “it *121 was abundantly obvious that [the judge] had a bias in favor of the. [defendant],” the foreperson’s affidavit did not state that the trial judge was biased in favor of the defendant. Because the affidavit lacks testimony as to “whether any outside influence was improperly brought to bear upon any juror” pursuant to La. C.E. art.. 606(B), the affidavit would ordinarily be inadmissible for purposes of seeking a new trial. The affidavit essentially contains the impressions prohibited by La. C.E. art. 606(B) as to the “effect of anything upon his or any other juror’s mind or emotions as influencing him” or “concerning his mental processes” when, reaching a verr diet.[2]
Just as problematic as the affidavit itself is the route the majority takes to consider it. The majority absolves the plaintiffs for failing to contemporaneously object to the trial judge’s behavior. However, the majority considers the content of the affidavit by reasoning that the defendant failed to contemporaneously object to its introduction into evidence. Therefore, even if unintentional, it appears the | ¿majority employs a double standard when applying the contemporaneous objection .requirement.[3]
As this court previously recognized, there are two rationales behind the contemporaneous objection rule: “(1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem and (2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection.”' *122 State v. Thomas, 427 So.2d 428, 433 (La.1982) (on reh’g). A party should not be entitled to stash an objection in his back pocket and sit on it, only to pull it out after an adverse-judgement. Now, however, the majority’s willingness to 'overlook the plaintiffs’ failure to contemporaneously object discourages curing problems during trial and simultaneously casts a cloud of uncertainty over jury verdicts. - .
I hasten to add that the- jury’s work is not the only effort that has been negated by the slender reed of an affidavit of questionable admissibility offered'at a questionable second attempt at a new trial. The appellate court applied well-established standards of review to the evidence adduced at trial and found no error in rejecting the plaintiffs’ case on the merits.
| Jn conclusion, I disagree that a new trial is merited. I reiterate that. I found the plaintiffs’ allegations about the trial court judge, when those allegations were initially presented, to be troubling. However, based on the lack of a contemporaneous objection coupled with insufficient evidence inside or outside the trial record to substantiate the allegations, I respectfully dissent from the majority’s decision to invalidate the work of the jury by granting a new trial.

. Marcello Truzzi, On the Extraordinary: An Attempt at Clarification, Zetetic Scholar, Vol. 1, No. l,p. 11 (1978).

. In Tanner v. United States, 483 U.S, 107, 120-21, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987), the Supreme Court, interpreting the analogous federal rule of evidence, held this prohibition barred consideration of evidence that jurors used drugs and alcohol during the trial. The Court stated:
There is little doubt that postverdict investigation into juror misconduct would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior. It is not at all clear, however, that the jury system could survive such efforts to perfect it. Allegations of juror misconduct, incompetency, or inattentiveness, raised for the first time days, weeks, or months after the verdict, seriously disrupt the finality of the process, See, e.g., Government of Virgin Islands v. Nicholas, [759 F.2d] at 1081 (one year and eight months after verdict rendered, juror alleged that hearing difficulties affected his understanding of the evidence). Moreover, full and frank discussion in the jury room,' jurors’ willingness to return an unpopular verdict, and the community’s trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror conduct. See Note, Public Disclosures of Jury Deliberations, 96 Harv.L;Rev, 886, 888-892 (1983).

. Relying on the lack of a contemporaneous objection by the defendant is all the more problematic because of the awkward manner the plaintiffs employed to introduce the otherwise inadmissable affidavit. The plaintiffs did not seek to introduce, the affidavit when first presenting the plaintiffs’ motion for new trial. Instead, the affidavit was attached to a supplemental memorandum filed on the day of the hearing..' From the hearing transcript, it does not appear the affidavit was formally introduced at the new trial hearing. Essentially, the affidavit was in the record, but had not been introduced into évidence. Subsequent, to the denial of the'initial motion for new trial, the plaintiffs filed a motion to-re-cuse the trial judge, which he coupled with another motion for new trial of questionable efficacy. Although the affidavit was later offered into evidence in connection with the plaintiffs' subsequent motion for rehearing/re-cusal, at that time, the defendant’s counsel mistakenly believed the affidavit had already been introduced into evidence. Given the unique circumstances, it would seem that the defendant’s failure to object to the affidavit should be more easily forgiven than the plaintiffs’ failure to contemporaneously object to the behavior of the trial judge. Regardless, the motion to recuse the original trial judge was heard and rejected as was the second and procedurally questionable motion for a new trial.